**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 22-cr-02717-BAS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO CORRECT SENTENCE (ECF No. 40)** |
| MARIA CONCEPCION HERNANDEZ, | |
| Defendant. | |

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

Based on this amendment, Defendant Maria Concepcion Hernandez filed a Motion to Correct Sentence under U.S.S.G. § 1B1.10. (ECF No. 40.) On November 8, 2023, the Court referred this case to Federal Defenders for an evaluation. (ECF No. 41.) After three months had passed, the Court ordered a status report from Federal Defenders by March 8, 2024. (ECF No. 43.) When no status report was forthcoming, the Court set the matter for an Order to Show Cause as to why the Motion should not be denied. (ECF No. 45.) A day later, Federal Defenders filed a status report concluding "the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 47.)

At the hearing on March 25, 2024, the Court pointed out that Defendant's original guideline range was 70–87 months (based on a base offense level of 27 and a criminal history category of I). It is true that Defendant would qualify under the new guideline amendment as a zero-point offender. Under this new guideline, Defendant's guideline range is now 57–71 months.

However, at the original sentencing, the Court varied downward and imposed a sentence outside the guideline range of 24 months. (ECF No. 35.) This 24-month sentence would still be below Defendant's guideline range even after the guideline amendment is applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 57 months. Since the Court sentenced Defendant to a lower sentence of 24 months and the same § 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a lower sentence. Defense counsel had no objection to this calculation.

Therefore, Defendant's Motion to Correct Sentence (ECF No. 40) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 2, 2024**

Hon. Cynthia Bashant
United States District Judge